**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**WILLIAM COOPER, SR**. and
**EWAYNA M. BROWN**,

      Plaintiffs,

      v.                                        Case No. 2:24-cv-02842-BCL-atc

**CITY OF MEMPHIS**, et al,

      Defendants.

---

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**

---

Before the Court are several of Magistrate Judge Annie T. Christoff's Report and Recommendations. The first report, Report and Recommendation for Partial Sua Sponte Dismissal and Order to Issue and Effect Service of Process on Remaining Defendants (Report 1), was entered January 17, 2025, and recommends Plaintiff's complaint be dismissed against certain defendants, and some claims dismissed altogether. Doc. 12. The second report, Report and Recommendation and Order (Report 2), was entered July 23, 2025, and also recommends the dismissal of claims brought by Plaintiff Cooper and dismissal of more parties. Doc. 25. The third report, Report and Recommendation and Order on Pending Motions (Report 3), was filed January 29, 2026, and recommended that the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 38) and Motion for Protective Order and Preliminary Injunction (Doc. 47) be denied. Doc. 56. The Plaintiffs objected to each report within the prescribed time period. Docs. 13, 26, 57. Nonetheless, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the Reports (Docs. 12, 25, 56).

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## DISCUSSION

The Court has reviewed the Reports and the entire record in this matter and finds no clear error or error of law—indeed, no error at all—in the Magistrate Judge's analysis or conclusions. Moreover, in each Report, the Magistrate Judge warned that:

> Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

Docs. 12 at 8; 25 at 8; 56 at 12.

2

## ANALYSIS

### I.    Plaintiffs' objection to Report 1 is overruled.

Report 1 recommended "that the claims against St. Francis Hospital and MLGW be dismissed with prejudice. It is further recommended that all claims against all Defendants, other than the claim of false arrest and false imprisonment under § 1983, be dismissed with prejudice." Doc. 12 at 6. Plaintiffs had fourteen days to object to this recommendation, which they did within the time window on January 21, 2025. In the Response to Report and Recommendation (Docs. 13, 14), Plaintiffs reiterate their complaint, detailing the factual background and outlining the claims for relief they are seeking from the Court. Doc. 13 at 1-4. Plaintiffs' response to Report 1 does not challenge the legal conclusions in Report 1 but simply reiterates the basis for their suit. *Id.*

Objections must, even where the plaintiff is pro se, be "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). That is, "the objections must be clear and specific enough to permit the Court to squarely address them on the merits." *Jessie v. Phaneuf*, 2023 WL 1099756, at *2 (E.D. Mich. Jan. 30, 2023) (citing *Pearce v. Chrysler Grp. LLC Pension Plan*, 898 F.3d 339, 346 (6th Cir. 2018)). An objection "should include how the [magistrate judge's] analysis [was] wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Taylor v. Haven Hill MHP*, 2021 WL 4972451, at *1 (W.D. Tenn. Oct. 26, 2021). Despite being "held 'to less stringent standards,'" pro se litigants are not exempt from these requirements. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Here, Plaintiffs have neither identified nor explained their basis for any disagreement with the Magistrate Judge's conclusions. Any objections therefore must be **OVERRULED**.

## II.    Plaintiffs' objections to Report 2 are overruled.

Report 2 recommended that "the City's Motion to Dismiss be granted; that the City, Chief Davis, and Mayor Young be dismissed from this case; that all official-capacity claims against any Defendant be dismissed; and that all claims brought by Cooper be dismissed." Doc. 25 at 7-8. Plaintiffs had fourteen days to object to this recommendation, which they did within the time window on July 25, 2025. Doc. 26. In their Notice of Intent to Pursue Claims Against Individual Defendants and Objection to Dismissal of Cooper Claims, Plaintiff objects to the recommended dismissal of claims brought on behalf of Cooper, as well as to the recommended dismissal of the Section 1983 claim against the City of Memphis for false arrest and imprisonment. Doc. 26 at 2. Those two objections are addressed separately below.

### a.    Plaintiff did not have the ability to bring this claim on behalf of Mr. Cooper.

Plaintiff objects to the recommended dismissal of the claims brought on behalf of William E. Cooper, Sr. *Id.* Plaintiff claims that she had active power of attorney at the time of filing (when Mr. Cooper was still alive), thus allowing her to bring the claims on behalf of the deceased Mr. Cooper pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. *Id.*

Plaintiff appears to be objecting to the findings in Report 2 that "Brown, as a non-attorney, cannot represent Cooper or his interests." Doc. 25 at 6. This Court reviews the matter de novo and agrees with Report 2's recommendation of dismissal. While a pro se litigant may represent herself in regard to her own claims, she may not act in a representative capacity on behalf of others. *Salaam v. McKee*, No. 5:05-cv-97, 2006 WL 2590509, at *1 (W.D. Mich. Aug. 2, 2006), report and recommendation adopted, No. 5:05-cv-97, 2006 WL 2583276 (W.D. Mich. Sept. 7, 2006*); see also Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("'Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on

4

another person's behalf in the other's cause of action.'") (quoting *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), abrogated on other grounds by *Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.*, 550 U.S. 516 (2007)). Plaintiff's claimed power of attorney makes no difference under that settled rule. *See, e.g.*, *DePonceau v. Pataki,* 315 F.Supp.2d 338, 341 (W.D.N.Y.2004) (*pro se* plaintiff lacked standing to file § 1983 complaint on behalf of other individuals, even though they had given him power of attorney); *Lutz v. Lavelle,* 809 F.Supp. 323, 325 (M.D.Pa.1991) (*pro se* plaintiff not entitled to act as attorney for other plaintiff in federal court, even if plaintiffs were friends and entered into contract to permit plaintiff to represent other plaintiff's legal interest).

Plaintiff's first objection to Report 2 is **OVERRULED**.

### b.  Plaintiff incorrectly uses her objection to seek amendment.

Plaintiff further objects to the recommended dismissal of the Section 1983 claims against the City of Memphis for false arrest and imprisonment. Doc. 26 at 2. The Report recommended that the claims against the City of Memphis, and all official capacity claims against the City's employees, should be dismissed. Plaintiff argues that the claim against the City should not have been dismissed because "the coordinated conduct of multiple officers responding to a single non-emergency call and forcibly removing both residents from a private home without a warrant, probable cause, or exigent circumstances is evidence of a widespread practice or de facto policy" supporting a claim of municipal liability. Doc. 26 at 2.

This argument fails for two reasons.  First, logically, a single instance of purported misconduct is not in and of itself any evidence at all of a municipal policy encouraging or facilitating or contributing to the alleged misconduct. Second, Plaintiff's objection really amounts to a request to amend her complaint—a request that should be made by motion and not in an

objection to a Report and Recommendation. *See, e.g., Rogan v. Tomlinson*, No. 19-12975, 2021 WL 1105293, at *4 (E.D. Mich. Mar. 23, 2021) ("[The plaintiff] may not seek leave to amend in an objection to a report and recommendation."); *Akers v. Gregory Funding*, No. 21-00693, 2022 WL 2713546, at *4 (M.D. Tenn. July 12, 2022) ("An objection to an R&R is not a proper avenue to bring a Rule 15 motion for leave to file an amended complaint.").  Plaintiff has since (three days ago) filed a formal motion for leave to amend, which awaits a Report and Recommendation from the Magistrate Judge. Doc. 77.

 The objections to Report 2 are **OVERRULED**.

### III.    Report 3's objections are overruled.

Report 3 recommended that "Brown's Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Protective Order and Preliminary Injunction be denied." Doc. 56 at 12. Plaintiff had fourteen days to object to this recommendation, which she did within the time window on January 30, 2026. Doc. 57. In the OBJECTION to Report and Recommendations, Plaintiff raises three objections. *Id.* First, she claims that the Magistrate Judge erred in recommending denial of injunctive relief. Second, she claims the Denial of Substitution Under Rule 25(a) Was Error. Third, she claims that the Recommendation mischaracterized her requested relief.  *Id.* Each objection is addressed below.

#### a.  The Magistrate Judge did not err in recommending denial of injunctive relief.

As the Magistrate Judge recognized, forward-looking relief requires allegations—and later, proof—of forward looking harm from unlawful activity or, in other words, a likelihood of future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiff has not provided this; rather, she has alleged only a grab bag of disconnected and generally innocuous law enforcement activity occurring in the past, all without naming the individuals involved and while seeking relief

6

from parties who are not before the Court. And while Plaintiff claims that she will suffer harm due to pending criminal charges, she did not allege that in her Motion (Doc. 38) and, in any event, it is well-settled that federal courts generally may not enjoin state prosecutions. *See Younger v. Harris*, 401 U.S. 37, 45 (1971).

This objection is **OVERRULED.**

### b. Plaintiff's objection to the denial of her Motion to Substitute does not reveal any error, much less clear error.

Plaintiff does not dispute the Magistrate Judge's conclusion that her Motion to substitute herself for Mr. Cooper, as executor of his estate, was untimely. Doc. 57 at 2-3. Rather, she argues only that the deadline under Federal Rule of Civil Procedure 25(a) should be tolled because she was incarcerated and thus unable to comply from March 5, 2025 through June 6, 2025.

This argument fails for several independently sufficient reasons. First, as the Magistrate Judge noted, Plaintiff failed to timely raise the argument and thus forfeited it. Doc. 56 at 10. Second, the 90-day deadline ran from the filing of the notice of death on January 21, 2025, Fed. R. Civ. P. 25(a),which means Plaintiff did have a substantial window in which to comply before her claimed imprisonment. Third, Plaintiff was apparently able to prepare and file documents between at least some parts of March 5 and June 6, because she filed a Motion for Discovery on April 21, 2025—a Motion she typed out, listing her personal email address, and signed for both herself and the deceased Mr. Cooper, with a handwritten notation making clear the document was signed the same day it was filed. Doc. 23. And fourth, even after her claimed June 6 release date, Plaintiff waited two full months to file the Motion, undercutting any claim for equitable tolling.

The Magistrate Judge's order is neither clearly erroneous nor contrary to law, and the objection therefore is **OVERRULED.**

**c. Plaintiff fails to allege sufficient support to warrant an injunction.**

Plaintiff's final objection to Report 3 seeks to clarify or adjust her request for injunctive relief: She claims she does not want to "halt routine police practice" but instead wishes to stop a series of unlawful law enforcement actions. Doc. 57 at 3. This is a rehash of Plaintiff's first objection and fails for the same reasons. This objection is **OVERRULED.**

## CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiffs' objections (Doc. 13) and **ADOPTS** Report 1. Doc. 12. Therefore, the claims against St. Francis Hospital and MLGW are **DISMISSED** with prejudice. Additionally, all claims against all Defendants, other than the claim of false arrest and false imprisonment under Section 1983, are **DISMISSED** with prejudice.

The Court also **OVERRULES** Plaintiff's objections to Report 2 (Doc. 26) and **ADOPTS** Report 2. Doc. 25. The Court **GRANTS** the City's Motion to Dismiss (Doc. 20) and **DISMISSES** the City, Chief Davis, Mayor Young, and all official-capacity claims against any Defendant. The Court further **DISMISSES** all claims brought by Plaintiff Cooper.

The Court **OVERRULES** Plaintiff's objections (Doc. 57) to the recommendations in Report 3, **UPHOLDS** the Magistrate's order denying substitution, and **ADOPTS** Report 3's recommendations. Doc. 56. The Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 38) is **DENIED**. Plaintiff's Motion for Protective Order and Preliminary Injunction (Doc. 47) is also **DENIED.**

**IT IS SO ORDERED**, this 8th day of May, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE