**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**EWAYNA M. BROWN,**

*Plaintiff*,

v. No. 2:24-cv-02842-BCL-atc

**CAROLYN WOODS, CHARLES MORROW, DERRICK MUHAMMED, GRISELDA GUZMAN, HOLLIE MCCASLIN, JONATHAN PIPPIN, and JUSTIN SMITH,**

*Defendants*.

---

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATIONS

---

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation on Pending Motions (Doc. 94) and Plaintiff's Objections to the Report and Recommendation (Doc. 97). Plaintiff asserts claims of false arrest and false imprisonment under 28 U.S.C. § 1983 (Docs. 1, 87), and objects to the Magistrate Judge's recommendation of denial of leave to add specific, identified Officers as new defendants. Doc. 97 at 1, 8. For the reasons that follow, Plaintiff's objections are **OVERRULED,** the Report and Recommendation is **ADOPTED,** and Plaintiff's Motion for Leave to Amend (Doc. 77) is **DENIED** to the extent described here and in the Report and Recommendation**.**

## LEGAL STANDARD

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v.*

*Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

The Sixth Circuit appears not to have determined whether an order denying a motion for leave to amend is non-dispositive or dispositive. In that silence, and despite the fact that most district courts within the Circuit have gone the other way, the Court will treat the denial of leave to amend in this case as dispositive and apply the de novo standard of review. The Court does so for four reasons. *First*, Plaintiff explicitly asks that the Court do so, albeit without argument. Doc. 97 at 2, 7. *Second*, Magistrate Judge Christoff treated the issue as dispositive in that she entered a report and recommendation and not an order on this issue—although this consideration can perhaps be discounted on the ground that Magistrate Judge Christoff did not address or even mention this question of procedure. *Third*, this is the safest course insofar as the de novo standard is the most forgiving standard to Plaintiff and Plaintiff cannot satisfy it for the reasons given below. And, *finally* and most importantly, when, as here, the proposed amendment adds a new claim, or asserts claims against new parties, the denial of leave to amend can fairly be called dispositive in

that it disposes of those claims even before they are formally asserted. Thus, at least in this case, the Court will review de novo Magistrate Judge Christoff's recommendation of denial of leave to amend to add new parties.

## ANALYSIS

The issue here is the statute of limitations. Plaintiff acknowledges that Tennessee's one-year statute of limitations applies to the Section 1983 claims for false arrest and false imprisonment. Doc. 97 at 1. And Plaintiff does not dispute that her false arrest and false imprisonment ended on May 11, 2024. *Id.* And that means that unless there is some exception (or nuance, if you prefer not to speak in terms of exceptions, although this Order will for convenience refer to exceptions moving forward), the statute of limitations expired in May 2025, well before her 2026 effort to amend her complaint—another point Plaintiff does not dispute. Doc. 94 at 5. So without the aforementioned exception, Plaintiff's motion to amend was properly denied as futile to the extent it seeks to add identified officers as defendants. Read liberally—indeed, downright charitably—Plaintiff's Objections invoke as exceptions the discovery rule and the relation back doctrine. Neither applies here.

**A.** The discovery rule is, effectively, a rule allowing for a delay in accrual—so that the statute of limitations begins running later than it otherwise would have. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The accrual date for a claim of false imprisonment or false arrest "is subject to a distinctive rule." *Wallace*, 549 U.S. at 389. These torts "accrue at the earlier of two dates. They accrue when the false imprisonment ends with the plaintiff's release. Or, if the plaintiff remains detained, they alternatively accrue when the false imprisonment ends with the issuance of legal process." *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th

Cir. 2021). And here—reiterating the default rule above—that means the claims accrued with Plaintiff's May 11, 2024, release and the statute of limitations ran out one year later.

But then what of the discovery rule? The rule itself has come under attack: The Supreme Court described any presumption favoring it as a "bad wine of recent vintage." *Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019). Still, there are many cases applying the rule in the context of Section 1983 (even if Plaintiff does not cite them). But the Court need not consider those cases because the Sixth Circuit (per Murphy, J.) has clarified that a plaintiff's "knowledge that he had been arrested (allegedly wrongfully) would start the clock on" the date of the arrest. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021). Here, May 11, 2024, was the date of both arrest and release, meaning Plaintiff's suit remains untimely even under the discovery rule.

**B.** Reading her filings liberally, Plaintiff also invokes the concept of relation back—the doctrine under which an amendment "relates back to the date of the original pleading." Fed. R. Civ. P. 15(c). As a general rule, an amendment that seeks to add new parties "creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991).

As relevant here, Rule 15(c)(1) provides that "[a]n amendment to a pleading" that seeks to "change[] the party or the naming of the party against whom a claim is asserted" "relates back to the date of the original pleading when":

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; [and]
>
> (C) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) Received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff emphasizes that the first requirement is seemingly satisfied because her proposed new defendants allegedly participated in the false arrest and imprisonment. Doc. 97 at 2.

The problem is that Plaintiff has made no showing that the identified officers (1) received notice of the action within Rule 4(m)'s service period such that they would not be prejudiced (Rule 15(c)(1)(C)(i)), and (2) knew or should have known that the action would have been brought against them but for Plaintiff's mistake as to identity (Rule 15(c)(1)(C)(ii)). Having failed to address, much less satisfy, two of Rule 15's requirements for relation back in this context, Plaintiff's proposed amendment cannot be salvaged under the relation back doctrine. *See Smith v. City of Akron*, 476 F. App'x 67, 68 (6th Cir. 2012) (holding that "adding new, previously unknown defendants in place of 'John Doe' defendants is considered a change in parties, not a mere substitution of parties, and such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)."); *see also* Doc. 97 at 5 (Plaintiff "acknowledg[ing]" this "Sixth Circuit authority").[1]

## CONCLUSION

Plaintiff's statute of limitations has expired, and Plaintiff cannot add new claims or parties to this case. For these reasons, Plaintiff's objections (Doc. 97) are **OVERRULED,** the Report and Recommendation (Doc. 94) is **ADOPTED,** and Plaintiff's Motion for Leave to Amend (Doc. 77) is **DENIED** to the extent discussed here and in the Report and Recommendation.

[1] Petitioner also includes various "alternative request[s] for relief" in her objections. Doc. 97 at 6–7. To the extent Plaintiff is seeking only permission to retain some of the allegations in her proposed amended pleading, Magistrate Judge Christoff appears to have recommended that she be permitted to do so—a recommendation no one has challenged and which therefore remains undisturbed. Doc. 94 at 8–9. The rest of Plaintiff's alternative requests appear to be unrelated to the issue of leave to amend; they are matters relating to discovery and motions practice that the Court leaves for resolution through the earlier course, including a magistrate judge order or recommendation, as appropriate.

**IT IS SO ORDERED** this 23rd day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE